UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSE I. PEREZ, JR.,                  :
                                     :
        Plaintiff                    :
                                     :
    v.                               :      CIVIL NO. 3:CV-07-1029
                                     :
JANINE DONATE, et al.,               :      (Judge Kosik)
                                     :
        Defendants                   :

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On June 5, 2007, Plaintiff Jose I. Perez, Jr., then an inmate at the Lackawanna County Prison, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  Named as Defendants are the warden at the prison, Janine Donate, and three employees at the prison.  On July 3, 2007, the Court screened the complaint pursuant to 28 U.S.C. § 1915, granted him in forma pauperis standing, and directed service of the complaint on the named Defendants.  (Doc. 8.)  The Court's July 3, 2007 Order was mailed to Perez at his last known address, the Lackawanna County Prison.  The Order was returned to the Court on July 18, 2007 as undeliverable with the notation "Return to Sender Inmate Not at this Facility" and "Attempted Not Known."  (Doc. 9.)

The Standing Practice Order issued in this case provides, in relevant part, as follows:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 6.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v . Wabash Railroad Co., 370 U.S. 626, 629 (1962).  A review of the record in this case reveals that Plaintiff has left the Lackawanna County Prison and has failed to advise the Court of his new address.  The Court has had no contact from him since he filed this lawsuit on June 5, 2007.  Consequently, he has clearly failed to comply with a requirement of the Court's Standing Practice Order.[1]

Moreover, Plaintiff's failure has prevented the Court from contacting him with regard to proceedings in this action.  Based upon the present circumstances, dismissal of this action for failure to prosecute is warranted.

---

[1] This Court contacted the Lackawanna County Prison to inquire as to the whereabouts of Plaintiff.  The only information the prison had was that Plaintiff had been taken by the United States Marshals on June 13, 2007, and they had no further contact information or change of address.

2

**ACCORDINGLY, THIS 27th DAY OF JULY, 2007, IT IS HEREBY ORDERED THAT**:

1. This action is **dismissed** without prejudice for failure to prosecute.

2. Any pending motions are **dismissed** as moot.

3. The Clerk of Court is directed to serve a copy of this Order on the defendants named herein at the Lackawanna County Prison.

4. The Clerk of Court is directed to **close** this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.


                            *s/EDWIN M. KOSIK*
                            United States District Judge